IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RANDALL G. BARRETT, JOE REYES GONZALEZ, | § § § § | |
| Plaintiffs, | § § | Civil Action No. C-06-291 |
| v. | § § § | |
| TRANSUNION CONSUMER RELATIONS, | § § § | |
| Defendant. | § § § | |

**ORDER OF DISMISSAL**

For the reasons set forth below, this Court hereby DISMISSES the above-styled action for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b).

Plaintiffs filed their complaint against Transunion Consumer Relations on July 10, 2006. (D.E. 1). This Court scheduled an initial pretrial and scheduling conference in this case for August 24, 2006, at 1:15 p.m. (D.E. 2). On July 10, 2006, Plaintiffs were notified by the Court of the scheduled conference (D.E. 2, p. 1) ("Counsel or Pro Se Party shall appear for an initial pretrial and scheduling conference before: The Honorable Janis Graham Jack on Thursday, August 24, 2006 at 1:15 p.m.").

At the August 24, 2006 conference, Plaintiffs' counsel informed the Court that he had not made any attempt to serve the Defendant in the case. Plaintiffs' counsel informed the Court that the reason for the delay in service was that he "just did not get

it done." Plaintiffs' counsel stated that if the Court would give him the chance, he would serve the Defendant "today or tomorrow."

As a result of Plaintiffs' failure to serve the Defendant, the Court rescheduled the initial pretrial and scheduling conference to September 22, 2006. (D.E. 4). The Court ordered Plaintiffs to serve the Defendant prior to the rescheduled conference, and the Court ordered that "[t]he parties' Joint Discovery/Case Management Plan must be filed before the September, 22, 2006 conference." (D.E. 4).

At the rescheduled initial pretrial and scheduling conference on September 22, 2006, Plaintiffs' counsel informed the Court that he still had not made any attempt to serve the Defendant. Plaintiffs' counsel informed the Court that the reason for the lengthy delay in service was "procrastination."

"A district court sua sponte may dismiss an action for failure to prosecute or to comply with any court order." Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); see also Anthony v. Marion County Gen. Hosp., 617 F.2d 1164, 1167 (5th Cir. 1980) ("Rule 41(b) provides that a case may be dismissed for failure to prosecute ... [a district court may] sua sponte dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.") (internal citations omitted); see also Fed. R. Civ. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for

dismissal of an action or of any claim against the defendant.").

For the reasons set forth above, the Court hereby ORDERS as follows:

1. The Court hereby DISMISSES Plaintiffs' complaint in its entirety, for failure to prosecute.
2. Plaintiffs have until October 2, 2006 to file a motion for reconsideration of this Order. Prior to filing any motion for reconsideration, Plaintiffs must have effectuated service upon the Defendant.

SIGNED and ENTERED this 26th day of September, 2006.

_____
Janis Graham Jack
United States District Judge