```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                     CORPUS CHRISTI DIVISION
```

RANDALL G. BARRETT, JOE REYES   §
GONZALEZ,                       §
                                §
    Plaintiffs,                 §   Civil Action
                                §   No. C-06-291
v.                              §
                                §
TRANSUNION CONSUMER RELATIONS,  §
                                §
    Defendant.                  §

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

On this day came on to be considered Defendant Trans Union LLC's ("Trans Union") Motion to Dismiss Plaintiffs' Complaint (D.E. 16, ("Motion")). For the reasons set forth below, Defendant's motion to dismiss is hereby DENIED.

**I.  Jurisdiction**

This Court has federal question jurisdiction over this Fair Credit Reporting Act case pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

**II.  Procedural and Factual Background**

On July 10, 2006, Plaintiffs Randall G. Barrett and Joe Reyes Gonzalez filed their Complaint against Defendant "Transunion Consumer Relations."[1] (D.E. 1, "Complaint"). Plaintiffs allege that the Defendant violated Section 1681i of the Fair Credit Reporting Act (15 U.S.C. § 1681i), by failing to properly

---

[1] The proper name of the Defendant is actually Trans Union LLC. This issue is addressed in detail in the "Discussion" section below.

investigate disputed information on Plaintiffs' credit reports. (Id. at pp. 1-2).

There is a lengthy history in this case of Plaintiffs' difficulties in serving the Defendant. Plaintiffs filed their Complaint on July 10, 2006. The Court scheduled an initial pretrial and scheduling conference in the case for August 24, 2006. (D.E. 2). At that conference, Plaintiffs' counsel stated that he had not yet served the Defendant. The Court accordingly rescheduled the initial pretrial and scheduling conference to September 22, 2006, and ordered Plaintiffs to serve the Defendant prior to the conference. (D.E. 4).

At the rescheduled conference on September 22, 2006, Plaintiffs' counsel again informed the Court that he had not served the Defendant. The Court dismissed the case for failure to prosecute (D.E. 6), and gave Plaintiffs until October 2, 2006 to file a motion for reconsideration. The Court specifically ordered that "[p]rior to filing any motion for reconsideration, Plaintiffs must have effectuated service upon the Defendant." (Id.).

On October 2, 2006, Plaintiffs filed a motion for reconsideration (D.E. 7) of the Court's dismissal order. Plaintiffs still had not served the Defendant, which they claimed was due to difficulty in determining the Defendant's address for service of process. The Court denied Plaintiffs' motion for reconsideration, noting that information on Defendant's address and

corporate officers was readily available on the internet. (D.E. 9). The Court entered final judgment dismissing Plaintiffs' Complaint with prejudice (D.E. 10).

Plaintiffs filed a motion for reconsideration (D.E. 11) of the Court's dismissal order and final judgment. Plaintiffs argued that the service delay was the fault of Plaintiffs' counsel, and that Plaintiffs' counsel should be sanctioned rather than Plaintiffs having their case dismissed. (Id.). The Court granted Plaintiffs' motion for reconsideration and vacated the dismissal and final judgment (D.E. 12, vacating D.E. 9 and D.E. 10). The Court ordered that Plaintiff had to serve the Defendant by October 25, 2006. (D.E. 12).

Plaintiffs filed an affidavit indicating that the Defendant was served on October 25, 2006 (D.E. 14). The affidavit states that Eileen Little, Group Manager, was personally served on October 25, 2006, at 2 Baldwin Place in Chester, Pennsylvania. (Id.).

### III. Discussion

On November 14, 2006, Defendant Trans Union filed its motion to dismiss Plaintiffs' Complaint. (D.E. 16). Plaintiffs' filed their response on November 16, 2006, and they filed a supplemental response on November 21, 2006. (D.E. 17, 18, 22). Defendant's motion to dismiss details Plaintiffs' difficulties with serving the Defendant, and Defendant's motion quotes extensively from this Court's earlier dismissal order (Motion, ¶ 5, quoting D.E. 9). The

dismissal order quoted by the Defendant was vacated on October 16, 2006. (D.E. 12).

The Court ordered Plaintiffs to serve Defendant by October 25, 2006. (D.E. 12). The issue in Defendant's motion to dismiss is whether Plaintiffs did serve Defendant by that date. If Plaintiffs did serve Defendant on October 25, 2006, in compliance with this Court's order, then service was within the 120 days allotted by Federal Rule of Civil Procedure 4(m). For the reasons set forth below, the Court finds that Plaintiffs did serve Defendant on October 25, 2006, within the time period allotted by the Federal Rules, and Defendant's motion to dismiss must be denied.

From Defendant's motion, it appears that Defendant's only complaint with Plaintiffs' service on October 25, 2006 was that Defendant was sued under an improper name. (Motion, ¶ 6, stating "[o]n October 25, 2006, Trans Union LLC was served as 'Trans Union Financial Services, Inc. a/k/a Trans Union Consumer Relations' which is not its proper name nor has it ever been."). Trans Union does not dispute receiving the summons and complaint, rather it claims that service was not effective because of the discrepancy in the name used by the Plaintiffs.

"The fact that the Defendant's name is in some minor respect inaccurate is not necessarily fatal to service. A mere mistake as to a party's name does not defeat the service." In re Just For Feet, Inc., 299 B.R. 343, 350 (Bankr. D. Del. 2003) (defendant

claimed that it would not accept service where it was sued as "Washington Inventory Service of Northern California," while its correct name was "Washington Inventory Service"); see also United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947) ("As a general rule the misnomer of a corporation in a notice, summons ... or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled"); Morrell v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999) ("service of process is not legally defective because the complaint misnames the defendant in some insignificant way"); Kroetz v. Aft-Davidson Co., 102 F.R.D. 934, 937 (E.D.N.Y. 1984) ("Since the summons and complaint gave said defendant adequate notice that it was being sued, and since no prejudice resulted from the misnaming, we find that it would be inequitable to construe the Federal Rules of Civil Procedure as requiring dismissal of this action.") (internal citations omitted).

In this case, Trans Union does not dispute that it received notice that it was being sued by Plaintiffs in this Court. It was clear that the Plaintiffs were suing Trans Union, even though they phrased their Complaint as against "Transunion Consumer Relations." Defendant does not dispute that it was served at its place of business, that a Trans Union "Group Manager" accepted service, and that the word "Transunion" was clearly listed on the summons and complaint. Moreover, Defendant was not prejudiced by Plaintiffs'

mistake regarding its name.  After receiving notice of the suit via the summons and complaint, Defendant had a full twenty days to file a response, which it did by filing the instant motion to dismiss. Plaintiffs did have a lengthy history of problems in serving the Defendant, which appear to stem from their counsel's difficulty in determining the Defendant's proper name.  However, on October 25, 2006, Plaintiffs did serve the Defendant, pursuant to this Court's order, and the fact that Defendant's name was technically incorrect does not vitiate service.  See <u>In re Just For Feet, Inc.</u>, 299 B.R. at 350.  Accordingly, this Court finds that Defendant was served with the summons and complaint on October 25, 2006.  This was within 120 days of the filing of the Complaint, and accordingly within the time period allotted by Federal Rule of Civil Procedure 4(m).

**IV. <u>Conclusion</u>**

For the reasons set forth above, the Court finds that Plaintiffs effectively served the Defendant in this case on October 25, 2006.  Accordingly, the Court hereby DENIES Defendant's motion to dismiss Plaintiffs' Complaint.

SIGNED and ENTERED this 1st day of December, 2006.

_____
Janis Graham Jack
United States District Judge